UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

| | | |
|---|---|---|
| MICHAEL ANGELO BURNETT #200640, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-112 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| MICHIGAN DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint, in part, for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Michael Angelo Burnett, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections (MDOC), MDOC Director Patricia L. Caruso, MDOC Deputy Director Unknown Party John Doe #1, Internal Affairs Manager Stephen Marshke, Marquette Branch Prison (MBP) Warden Gerald Hofbauer, Assistant Deputy Warden Dan Naples, Assistant Deputy Warden Kathy Alto, Assistant Deputy Warden Jim Alexander, Assistant Deputy Warden Max Gromley, Custody of Security Jeanne McGahey, LMF Warden David Bergh, Munising Memorial Hospital and Unknown Parties named as all staff of MBP and LMF.

Plaintiff claims that while he was incarcerated at MBP, Defendant McGahey sexually harassed and assaulted him on numerous occasions beginning in December of 2004, and culminating in an incident which occurred on June 1, 2005. Plaintiff alleges that on June 1, Defendant McGahey called Plaintiff to the front of his cell and ordered him to masturbate while she fondled him and attempted to penetrate him with her finger. At this point, Plaintiff pushed Defendant McGahey's hand away and stated that she was hurting him. A prisoner in a nearby cell awakened and asked Plaintiff if he was okay. Defendant McGahey told the prisoner to "serve [his] own time" and tossed a quarter and a stick of gum on Plaintiff's floor, stating "Nigger you're compensated and dead." Defendant McGahey then walked away.

Plaintiff filed a criminal complaint regarding Defendant McGahey's misconduct, and a criminal investigation was conducted by the Michigan State Police, which was concluded on August 3, 2005. Following the close of the investigation, custody staff at MBP and LMF made

threats to Plaintiff and deprived him of food and sleep for a period of two weeks while in segregation. A firearm was pulled on Plaintiff and he was threatened by internal affairs staff while in segregation. Plaintiff claims that as a result of being threatened with a handgun, he defecated out of fear. On August 15, 2005, staff threatened to assault Plaintiff and ordered him to pack up his property. Plaintiff received two misconduct tickets and was moved to a different cell. Plaintiff was monitored by video camera, allegedly for his own safety, but in reality it was being used to sexually exploit and harass him. The housing manager and case manager refused to send out Plaintiff's mail. The unit manager made lewd remarks to Plaintiff and attempted to convince Plaintiff to say that he was never sexually assaulted. Custody staff assigned to the gun tower and unit alleged that Plaintiff would be sexually assaulted as a result of filing the criminal complaint. Plaintiff attempted to have another prisoner deposit his outgoing mail, but it was confiscated by staff.

Plaintiff alleges that custody staff assigned to the gun tower engaged in indecent conduct in front of Plaintiff, in an attempt to lure him to the front of his cell. In addition, custody staff impersonated law enforcement officers and told Plaintiff that he would be raped and murdered. Plaintiff also claims that he was raped by custody staff while in segregation at LMF. Plaintiff claims that the rape was in retaliation for filing a criminal complaint against Defendant McGahey. Plaintiff states that medical personnel conspired to conceal evidence of the sexual assault. Plaintiff contends that he is being deprived of his legal property and subjected to searches and seizures in retaliation. Plaintiff seeks both damages and equitable relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Initially, the court notes that Plaintiff has named the Michigan Department of Corrections as a defendant. Under *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), a suit against a state, a state agency, or a state official in his official capacity, is not a suit against a "person" under Section 1983. *Id.* Thus, such entities are not subject to suit under 42 U.S.C. § 1983. In addition, it is well established that the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars Plaintiff's claims against the Michigan Department of Corrections.

- 4 -

In addition, the court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

- 5 -

*of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Caruso, John Doe #1, Marshke and Unknown Parties named as "all staff of Marquette Branch Prison and Alger Maximum Correctional Facility" were personally involved in the activity which forms the basis of his claim. Defendants Caruso, John Doe #1, and Marshke's only roles in this action involve the denial of administrative grievances or the failure to act. These defendants cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Plaintiff has also failed to allege specific facts showing that "all staff of Marquette Branch Prison and Alger Maximum Correctional Facility" were personally involved in the alleged misconduct. Accordingly, the Court concludes that Plaintiff's claims against Defendants Caruso, John Doe #1, Marshke and Unknown Parties named as "all staff of Marquette Branch Prison and Alger Maximum Correctional Facility" are properly dismissed for lack of personal involvement.

Plaintiff names Munising Memorial Hospital as a defendant in this case. However, Plaintiff fails to allege any specific facts showing that Defendant Hospital violated his constitutional rights. Although private actors acting in concert with state officials may be subject to § 1983 liability, Plaintiff does not contend that Defendant Munising Memorial Hospital conspired with

prison officials, who are state actors, to violate his constitutional rights. *See Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980).

The court notes that Plaintiff's Eighth Amendment and retaliation claims against Defendants Hofbauer, Naples, Alto, Alexander, Gromley, McGahey, and Bergh do not appear to be frivolous and may not be dismissed upon initial review.

II.    Pending motions

Plaintiff has filed a motion for emergency intervention (docket #12), which the court construes as a motion for a temporary restraining order. The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.    Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.    Whether the movant has shown irreparable injury.

3.    Whether the preliminary injunction could harm third parties.

4.    Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under

the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff alleges that he is "continuously being exposed to terrorism" and that Defendants have conspired to "rape and murder" Plaintiff.  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that Defendants have violated his federal rights.  Plaintiff alleges that he believes he has been exposed to terrorism "with usage of an [sic] magnetic resonance tracking and delivery integrated computer system which maintain [sic] the facility plant."  Plaintiff further states that it is being used within cell ventilator [sic]" and that he has already suffered cardiovascular damage as a result of "bacteria and chemical exposure."  However, Plaintiff's claims regarding exposure to "terrorism" are entirely conclusory.  Vague and conclusory allegations which are not supported by specific facts cannot sustain a civil rights claim.  *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (bare allegations of malice are insufficient to state a claim); *Brooks*, 932 F.2d at 498-499; *Scheid*, 859 F.2d at 436-437.  *See also Branham v. Spurgis*, 720 F. Supp. 605, 607, n. 3 (W.D. Mich. 1989).  Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, the court will deny Plaintiff's motion for a temporary restraining order.

Plaintiff has also filed a motion for expedited consideration (docket #13).  Because Plaintiff's case has already undergone initial review by the court, this motion is properly denied as moot.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action is properly dismissed, in part, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Date:    _____June 5, 2006_____              /s/ Robert Holmes Bell_____
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT  JUDGE