UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ANGELO BURNETT,

       Plaintiff,

v.                                         Case No. 2:06-cv-112
                                         HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Angelo Burnett, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections (MDOC), MDOC Director Patricia L. Caruso, MDOC Deputy Director Unknown Party John Doe #1, Internal Affairs Manager Stephen Marshke, Marquette Branch Prison (MBP) Warden Gerald Hofbauer, Assistant Deputy Warden Dan Naples, Assistant Deputy Warden Kathy Alto, Assistant Deputy Warden Jim Alexander, Assistant Deputy Warden Max Gormley, Custody of Security Jeanne McGahey, LMF Warden David Bergh, Munising Memorial Hospital and Unknown Parties named as all staff of MBP and LMF.

Plaintiff claims that while he was incarcerated at MBP, Defendant McGahey sexually harassed and assaulted him on numerous occasions beginning in December of 2004, and culminating in an incident which occurred on June 1, 2005. Plaintiff alleges that Defendant McGahey called Plaintiff to the front of his cell and ordered him to masturbate while she fondled him and attempted to penetrate him with her finger. At this point, Plaintiff pushed Defendant McGahey's hand away

and stated that she was hurting him. A prisoner in a nearby cell awakened and asked Plaintiff if he was all right. Defendant McGahey told the prisoner to "serve [his] own time" and tossed a quarter and a stick of gum on Plaintiff's floor, stating "Nigger you're compensated and dead." Defendant McGahey then walked away.

Plaintiff filed a criminal complaint regarding Defendant McGahey's misconduct. A criminal investigation conducted by the Michigan State Police was concluded on August 3, 2005. Following the close of the investigation, custody staff at MBP and LMF made threats to Plaintiff and deprived him of food and sleep for a period of two weeks while he was in segregation. A firearm was pulled on Plaintiff and he was threatened by internal affairs staff. Plaintiff claims that as a result of being threatened with a handgun, he defecated out of fear. On August 15, 2005, staff threatened to assault Plaintiff and ordered him to pack up his property. Plaintiff received two misconduct tickets and was moved to a different cell. Plaintiff was monitored by video camera, allegedly for his own safety, but in reality it was being used to sexually exploit and harass him. The housing manager and case manager refused to send out Plaintiff's mail. The unit manager made lewd remarks to Plaintiff and attempted to convince Plaintiff to say that he was never sexually assaulted. Custody staff assigned to the gun tower and unit told Plaintiff he would be sexually assaulted as a result of filing the criminal complaint. Plaintiff attempted to have another prisoner deposit his outgoing mail, but it was confiscated by staff.

Plaintiff alleges that custody staff assigned to the gun tower engaged in indecent conduct in front of Plaintiff in an attempt to lure him to the front of his cell. In addition, custody staff impersonated law enforcement officers and told Plaintiff that he would be raped and murdered. Plaintiff also claims that he was raped by custody staff while in segregation at LMF. Plaintiff claims that the rape was in retaliation for filing a criminal complaint against Defendant McGahey. Plaintiff

states that medical personnel conspired to conceal evidence of the sexual assault. Plaintiff contends that he is being deprived of his legal property and subjected to searches and seizures in retaliation. Plaintiff seeks both damages and equitable relief.

On June 5, 2006, the court dismissed Defendants Michigan Department of Corrections, Patricia Caruso, Unknown Party John Doe #1, Stephen Marshke, Munising Memorial Hospital, and Unknown Parties named as all staff of MBP and LMF, for failure to state a claim. The remaining Defendants now move to dismiss the complaint. Plaintiff has filed a cross motion for summary judgment, leave to amend his complaint, and motions for temporary restraining orders and preliminary judgments.

Defendants first request that the court dismiss this action for failure to exhaust or properly exhaust grievance remedies. Defendants base this motion on Plaintiff's complaint. Defendants argue that although Plaintiff exhausted his claims against Defendant McGahey, the complaint should be dismissed for failure to exhaust against the remaining Defendants. After the filing of Defendants' motion for summary judgment, the United States Supreme Court issued its decision in *Jones v. Bock*, 127 S. Ct. 910 (2007). In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." Moreover, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed. Accordingly, it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim. The fact that Plaintiff attaches grievances to his complaint that may

not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion. The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies. It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient. Moreover, where Defendants' claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Accordingly, because Defendants have not met their burden, their motion to dismiss should be denied on the exhaustion issues.

Alternatively, Defendants have moved for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375,

382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants Hobauer, Napel, Aalto, Alexander, Gormley and Bergh argue that they were not personally involved in Plaintiff's claims.  Plaintiff has alleged that he was sexually assaulted, harassed, denied medical care, food and sleep, and retaliated against by the defendant conspirators.  Plaintiff has made allegations that Defendants Gormley, Aalto and Bergh were directly involved in assaulting him.  It appears, however, that Plaintiff has simply named Defendants Hofbauer, Napel and Alexander because of their supervisory authority.  Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Similarly, Plaintiff has failed to support his Eighth Amendment claims. Plaintiff alleges that he was assaulted and sexually harassed. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wonton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

The Eight Amendment's proscription against cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id*. at 8-9. Although severe or repetitive sexual abuse certainly could qualify under this standard, a single incident of objectionable sexual touching does not meet the objective component of an Eighth

Amendment claim. Numerous circuit court decisions, including unpublished opinions of the Sixth Circuit, have held that such allegations are insufficient to state an Eighth Amendment claim. *See*, *e.g.*, *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

If true, Defendant McGahey's conduct toward Plaintiff was reprehensible, but it does not rise to the level of an Eighth Amendment violation. At best, Plaintiff asserts one isolated incident against Defendant McGahey. Defendant McGahey denies the incident. Moreover, on the day the incident allegedly occurred, Defendant McGahey claims she was not working. The claim was investigated by internal affairs and the Michigan State Police. No evidence was found to support the claim. Defendant McGahey issued Plaintiff a misconduct ticket on June 3, 2005, for sitting naked at his desk facing his cell door while masturbating. Plaintiff was found guilty of that misconduct. In the opinion of the undersigned, Plaintiff's claims of sexual assault are not supported

by any evidence and should be dismissed. Similarly, Plaintiff's allegations of assault against Defendants Gormley, Aalto and Bergh have no basis in fact and those claims should be dismissed.

Plaintiff has also asserted that he was denied medical care. However nothing in the record supports a claim of denial of medical care. Plaintiff's claim that he was denied food and deprived of sleep is also unsupported in the record. Plaintiff has made a general allegation that he was raped by custody staff. Plaintiff has provided no other details of the alleged incident. Plaintiff has failed to allege how any of the named defendants were involved and has failed to provide any factual support for this allegation. Plaintiff's complaint refers to the medical records. However, none of the medical records submitted support plaintiff's claim. Plaintiff's remaining Eighth Amendment claims, in the opinion of the undersigned, should be dismissed.

Similarly, Plaintiff's retaliation claim lacks merit. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the Defendants' alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff has failed to show that any adverse action was taken against him as a result of his grievance filings or that any adverse action was taken against him that would deter a person

of ordinary firmness from filing future grievances. Plaintiff's retaliation claims, in the opinion of the undersigned, clearly lack merit.

Further, Defendants are entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the

unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to Plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours

of the right were sufficiently clear that a reasonable official would understand that what he is doing violated Plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the Defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). Plaintiff cannot, in the opinion of the undersigned, support his claims factually. Accordingly, Defendants are entitled to the defense of qualified immunity.

Plaintiff has filed a motion for leave to amend his complaint to add new defendants and new claims. Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). The proposed amended complaint would be futile because it will not prevent dismissal of this action. Moreover, allowing Plaintiff to add new claims and new defendants to this cause of action would be inappropriate.

Plaintiff has filed motions for a temporary restraining order and preliminary injunction. Plaintiff would like the court to order a Michigan State Police investigation, prevent electronic monitoring and exposure to environmental hazards, order Plaintiff's release from administrative segregation, and have him transferred to the Federal Bureau of Prisons. Plaintiff has also requested an immediate cardiologist consult and an evaluation of his endocarditis or heart infection. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendants have violated his federal rights.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion.  Accordingly, it is recommended that Defendant's Motion for Dismissal and/or Summary Judgment (Docket #49) be granted and this case be dismissed in its entirety.  It is further recommended that Plaintiff's Cross Motion for Summary Judgment (Docket #57), Supplemental Motion for Summary Judgment (Docket #72),  Motion to Strike (Docket #55), Motion for Leave to File Amended Complaint (Docket #81), Motion for Judicial Notice of Adjudicative Facts (Docket #90), Motion to Stay (Docket #114), Motion to Serve Amended Complaint (Docket #118), Motion to Appoint Expert (Docket #124),  Motion to Waive Service of Amended Complaint (Docket #126), Motion for United States Marshal's  Investigation (Docket #132), Motion for an Extension of Time (Docket #137), Motion for Entry of Default (Docket #145), and Motions for Temporary Restraining Order and Preliminary Injunction (Docket #106,  #119 and  #138) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   May 31, 2007